IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN T. MOSQUEDA, | No. C 10-00595 CW (PR) |
| Petitioner, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| FRANCISCO JACQUEZ, Warden, | |
| Respondent. | |

This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus." Petitioner challenges his indeterminate placement in the Pelican Bay State Prison Security Housing Unit (SHU) based on his validation as a gang member. He seeks declaratory and injunctive relief overturning his validation as a gang member and ordering his release from the SHU. Petitioner has also filed an application to proceed in forma pauperis (IFP).

DISCUSSION

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the

petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claim

Petitioner alleges his Fourteenth Amendment rights were violated when he was validated as a gang member and placed in the SHU for an indeterminate period based on alleged gang symbols on a calendar that was found in his cell. As noted, Petitioner seeks declaratory and injunctive relief that would overturn his gang validation and compel his release from the SHU.

Petitioner's claims are not cognizable in federal habeas corpus. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quotation and citation omitted). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. While the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought in habeas corpus, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In particular, where, as here,

2

a petitioner's successful challenge to his administrative segregation will not necessarily shorten the prisoner's sentence, habeas jurisdiction does not lie. See id. Accordingly, Petitioner may not proceed with his claim by way of federal habeas corpus and the petition is DISMISSED.

Where a prisoner files a habeas petition attacking the conditions of his confinement the district court may construe such petition as a civil rights action under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The Court will not do so here, however, unless Petitioner affirmatively informs the Court that he wants this case to proceed as a civil rights action. Specifically, because § 1983 cases filed by prisoners are subject to certain statutory requirements of which Petitioner should be aware before deciding to proceed with a § 1983 action, the Court will not construe the petition as a § 1983 action without Petitioner's consent. In particular, § 1983 cases filed by prisoners are subject to a requirement that the claims be administratively exhausted. See 42 U.S.C. § 1997e(a). Further, such cases are subject to a $350.00 filing fee, rather than the $5.00 dollar filing fee for habeas cases, see 28 U.S.C. § 1914(a), and the fee must be paid even if IFP status is granted, by way of deductions from the prisoner's trust account until the full $350.00 fee is paid. See 28 U.S.C. § 1915(b). For these reasons, Petitioner might not seek to have the instant action treated as a § 1983 case.

Accordingly, this case is DISMISSED with leave to amend to allege a § 1983 action. Should Petitioner fail to do so, the case will be dismissed without prejudice.

CONCLUSION

For the foregoing reasons, Petitioner's case is DISMISSED with leave to amend. Petitioner must file his complaint no later than <u>thirty (30) days</u> from the date of this Order. Petitioner must write the case number for this action -- Case No. C 10-00595 CW (PR) -- on the form and complete all sections of the form. Petitioner is particularly directed to name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Liability under § 1983 arises only upon a showing of personal participation by the defendant. <u>See</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no <u>respondeat superior</u> liability under § 1983, i.e. no liability under the theory that a supervisor is responsible for the actions or omissions of his or her subordinate. <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Because Petitioner originally filed this case as a habeas corpus action, his IFP application (docket no. 2) is DENIED without prejudice to filing a new application or paying the full filing fee. As mentioned above, the filing fee for a civil rights action is $350.00. Petitioner must pay the $350.00 filing fee, or file an application for leave to proceed IFP, before this action can proceed. If Petitioner is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he must submit: (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account

4

statement for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined. See 28 U.S.C. § 1915(a)(1), (2). If the district court determines that the prisoner is unable to pay the full filing fee at the time of filing, the prisoner will be granted leave to proceed IFP. This means that the filing fee must be paid by way of an installment plan, according to which the court first will assess and collect a partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account until the full $350.00 filing fee is paid. Id. § 1915(b)(1). The agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account exceeds ten dollars. See id. Accordingly, Petitioner is hereby ORDERED to pay the requisite $350.00 filing fee in this action no later than thirty (30) days from the date of this Order. He shall include with his payment a clear indication that it is for the above-referenced case number, Case No. C 10-00595 CW (PR). In the event that Petitioner is unable to pay the filing fee, he shall submit an IFP application, trust account statement and certificate of funds no later than thirty (30) days from the date of this Order.

Failure to file a completed civil rights form and to pay the filing fee or file the requisite documents within the thirty-day deadline shall result in dismissal of this action without prejudice.

The Clerk of the Court shall send Petitioner a blank civil

5

1 rights form and the Court's prisoner IFP application form along
2 with his copy of this Order.
3        This Order terminates Docket no. 2.
4        IT IS SO ORDERED.

Dated: 6/25/2010                    
                                    CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ADRIAN T. MOSQUEDA,

        Plaintiff,

v.

FRANCISCO JAQUEZ, et al.,

        Defendants.

Case Number: CV10-00595 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) amd  in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

(**a blank civil rights form and the Court's prisoner IFP application were mailed along with the order to:**)

Adrian Tamayo Mosqueda E-08547
D7-209-SHU
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: June 25, 2010

                                        Richard W. Wieking, Clerk
                                        By: Nikki Riley, Deputy Clerk