IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADRIAN T. MOSQUEDA,

                Petitioner,

        v.

FRANCISCO JAQUEZ, Warden, et al.,

                Respondents.

_____/

No. C 10-0595 CW (PR)

ORDER GRANTING MOTION FOR
RECONSIDERATION; VACATING JULY
30, 2010 DISMISSAL; REOPENING
CASE; DENYING LEAVE TO FILE
AMENDED DUE PROCESS CLAIM; AND
GRANTING EXTENSION TO FILE CLAIMS
IN CIVIL RIGHTS COMPLAINT AND TO
COMPLETE NEW IFP APPLICATION

(Docket no. 7)

        This case was commenced when Petitioner filed a document
captioned "Petition For A Writ of Habeas Corpus," challenging his
indeterminate placement in the Pelican Bay State Prison Security
Housing Unit based on his validation as a gang member.

        On June 25, 2010, the Court issued an order of dismissal with
leave to amend and gave Petitioner thirty days from the date of the
Order to amend to allege a § 1983 action because his claims were
not cognizable in federal habeas corpus.  The Court stated that the
failure to timely file a civil rights complaint would result in
dismissal for failure to prosecute.

        In an Order dated July 30, 2010, the Court issued an Order of
Dismissal stating: "The time for Petitioner to file his complaint
has passed, and no complaint has been filed."  (July 30, 2010 Order
at 1.)  Therefore, the Court dismissed this action for failure to
prosecute pursuant to Federal Rule of Civil Procedure 41(b).

        Before the Court is Petitioner's motion for reconsideration
under Rule 60(b) of the Federal Rules of Civil Procedure (docket
no. 7).  Also before the Court is his "Request [for] Leave to Amend
Petitioner for Writ of Habeas Corpus to Include Additional Claim

Affecting Prison Sentence Duration" (docket no. 6) as well as his amended pleading (docket no. 6-1).

For the reasons outlined below, the Court GRANTS Petitioner's motion for reconsideration, vacates its July 30, 2010 Order of Dismissal, and directs the Clerk of the Court to reopen this action.  Petitioner's request for leave to amend his petition to add a due process claim is DENIED.

DISCUSSION

I.   Motion for Reconsideration

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b).

Here, Petitioner alleges that he submitted his amended pleading and his "Request [for] leave to amend Petition for Writ of Habeas Corpus to include additional claim affecting Prison sentence duration" before the July 25, 2010 deadline.  He claims he submitted these documents "for photocopying and mailing on July 18, 2010 . . . . "  (Pet'r Mot. for Recons. at 2.)  To substantiate this, Petitioner has submitted a copy of his "Request for Legal Photcopying Service," which shows that he submitted his photocopying request on July 18, 2010.  Petitioner argues that "under the 'Mailbox Rule,' an inmate's legal documents are deemed filed once these are turned over to prison officials for mailing."  (Id.)  These facts present adequate grounds for reconsideration.

2

United States District Court
For the Northern District of California

The Court finds that Petitioner's amended pleading and motion to amend are deemed filed on July 18, 2010, the date it was signed an delivered to prison authorities for mailing.  See <u>Saffold v. Newland</u>, 250 F.3d 1262, 1268 (9th Cir. 2001), <u>vacated and remanded on other grounds</u>, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts).  Accordingly, Petitioner's motion for reconsideration (docket no. 7) is GRANTED, the Court's July 30, 2010 Order of Dismissal is vacated, and the Clerk shall reopen this action.

II.  Motion for Leave to Amend Petition

Petitioner filed a motion to amend his petition to add a new claim, specifically "a due process violation which directly affects the duration of [his] prison sentence."  (Mot. for Leave to Am. at 2.)  In the alternative, if the Court denies his motion, Petitioner requests an extension of time to file his remaining claims in a civil rights complaint and to complete a new <u>in forma pauperis</u> (IFP) application.

Habeas petitions may be amended or supplemented as provided in the Federal Rules of Civil Procedure.  See 28 U.S.C. § 2242; <u>Anthony v. Cambra</u>, 236 F.3d 568, 576 (9th Cir. 2000).  Although Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires," the court may consider whether there is any evidence of undue delay, bad faith or dilatory motives with respect to the filing of an amendment when determining whether leave to amend should be granted.  See <u>id.</u> at 577-78.

**United States District Court**
For the Northern District of California

1    Petitioner submitted his new claim in a document entitled,

2  "Amendment to Petition for Writ of Habeas Corpus to Include

3  Additional Claim Affecting Prison Sentence Duration."  Petitioner

4  alleges that he is challenging as a violation of his constitutional

5  rights the February 3, 2010 decision to deny him parole by the

6  California Board of Parole Hearings (Board).  Petitioner was

7  provided an opportunity to be heard and a statement of reasons for

8  the denial pursuant to California Penal Code § 3041.5(a)(2).

9  (Attach. to Amendment, Ex. E-5.)  Specifically, he states, "Being

10 that the board's decision denying Petitioner parole is predicated

11 on [his] faulty gang validation and S.H.U confinement, the Board

12 did not rely on 'some evidence' in denying Petitioner parole."

13 (Amendment at 3.)  However, no such due process claim is cognizable

14 under federal habeas review because the record shows that

15 Petitioner received adequate process at his 2010 parole suitability

16 hearing.  See Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 862

17 (2011) (a prisoner subject to California's parole statute receives

18 adequate process when he is allowed an opportunity to be heard and

19 is provided with a statement of the reasons why parole was denied).

20 Because Petitioner received adequate process at his 2010 parole

21 suitability hearing, then his alleged due process claim stemming

22 from the Board's 2010 denial is not cognizable on federal habeas

23 review.  See Swarthout, 131 S. Ct. at 862.

24    Accordingly, for the above reasons, the due process claim

25 raised in the amendment petition is not cognizable on federal

26 habeas corpus review.  Therefore, the Court DENIES Petitioner's

27 motion for leave to amend his petition to add that due process

28 claim.  His request for an extension of time to file his remaining

4

sidebar**United States District Court**
For the Northern District of California

claims on a civil rights complaint form and to complete a new IFP
application is GRANTED, as directed below.

CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's
motion for reconsideration (docket no. 7).  The Clerk is directed
to vacate the Court's July 30, 2010 Order of Dismissal and to
REOPEN this action.

The Court DENIES Petitioner's motion for leave to amend to add
a new claim (docket no. 6) because his due process claim relating
to the Board's 2010 parole denial is not appropriate for federal
habeas corpus review.  However, the Court GRANTS Petitioner's
request for an extension of time to file his remaining claims in a
civil rights complaint and to complete a new IFP application.

Petitioner must file his complaint no later than <u>thirty (30)
days</u> from the date of this Order.  Petitioner must write the case
number for this action -- Case No. C 10-00595 CW (PR) -- on the
form and complete all sections of the form.  Petitioner is
particularly directed to name as defendants each person who caused
a violation of his constitutional rights and explain what each
person did to cause the violation.  Liability under § 1983 arises
only upon a showing of personal participation by the defendant.
<u>See</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  There is
no <u>respondeat</u> <u>superior</u> liability under § 1983, i.e. no liability
under the theory that a supervisor is responsible for the actions
or omissions of his or her subordinate.   <u>See</u> <u>Leer v. Murphy</u>, 844
F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on
individual defendant under § 1983 only if plaintiff can show that
defendant proximately caused deprivation of federally protected

5

**United States District Court**
For the Northern District of California

1   right).

2       Because Petitioner originally filed this case as a habeas

3   corpus action, his previously-filed IFP application was denied

4   without prejudice to filing a new application or paying the full

5   filing fee.  (June 25, 2010 Order at 4.)  As mentioned in the

6   Court's June 25, 2010 Order, the filing fee for a civil rights

7   action is $350.00.  Petitioner must pay the $350.00 filing fee, or

8   file an application for leave to proceed IFP, before this action

9   can proceed.  If Petitioner alleges that he is unable to pay the

10  full filing fee at the time of filing, he must submit: (1) an

11  affidavit that includes a statement of all assets he possesses, and

12  (2) a certified copy of his trust fund account statement for the

13  six-month period immediately preceding the filing of the action,

14  obtained from the appropriate official of each prison at which the

15  prisoner is or was confined.  See 28 U.S.C. § 1915(a)(1), (2).  If

16  the district court determines that the prisoner is unable to pay

17  the full filing fee at the time of filing, the prisoner will be

18  granted leave to proceed IFP.  This means that the filing fee must

19  be paid by way of an installment plan, according to which the Court

20  first will assess and collect a partial filing fee from the

21  prisoner, and then the prisoner will be required to make monthly

22  payments of twenty percent of the preceding month's income credited

23  to the prisoner's account until the full $350.00 filing fee is

24  paid.  Id. § 1915(b)(1).  The agency having custody of the prisoner

25  is responsible for forwarding to the Court payments from the

26  prisoner's account each time the amount in the account exceeds ten

27  dollars.  See id.  Accordingly, Petitioner is hereby ORDERED to

28  pay the requisite $350.00 filing fee in this action no later than

1  thirty (30) days from the date of this Order.  He shall include

2  with his payment a clear indication that it is for the above-

3  referenced case number, Case No. C 10-00595 CW (PR).  In the event

4  that Petitioner is unable to pay the filing fee, he shall submit an

5  IFP application, trust account statement and certificate of funds

6  no later than thirty (30) days from the date of this Order.

7       Failure to file a completed civil rights form and to pay the

8  filing fee or file the requisite documents within the thirty-day

9  deadline shall result in dismissal of this action without

10 prejudice.

11      The Clerk of the Court shall send Petitioner a blank civil

12 rights form and the Court's prisoner IFP application form along

13 with his copy of this Order.

14      This Order terminates Docket nos. 6 and 7.

15      IT IS SO ORDERED.

16 Dated:  3/29/2011

17                                    CLAUDIA WILKEN
18                                    UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ADRIAN T. MOSQUEDA,

        Plaintiff,

  v.

FRANCISCO JAQUEZ et al,

        Defendant.
_____/

Case Number: CV10-00595 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2011, I SERVED a true and correct copy(ies) of the attached and **a blank civil rights form and the Court's prisoner IFP application form**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Adrian Tamayo Mosqueda E-08547
D7-109
Pelican Bay State Prison
P.O. Box 7500
Crescent City,  CA 95531

Dated: March 29, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

_United States District Court_
For the Northern District of California

8